ALLEN *v*. THE HOME SAVINGS BANK CO. ET AL.

(Decided June 17, 1929.)

*Messrs. Ratterman & Cowell,* for plaintiff in error.
*Mr. Robert P. Hargitt* and *Mr. Edward C. Lovett,*
for defendants in error.

HAMILTON, J. This case is here on error to the
sustaining of a demurrer to the petition of the plain-
tiff, Mary Alford Allen.

The question is: Does the plaintiff's petition
show a cause of action against the defendant, the
Home Savings Bank Company? In so far as the
liability of the other defendants named in the peti-
tion is concerned, there is no question here.

In the petition, the plaintiff claimed there was due
her the sum of $500, with interest, on a bank check,
of which the following is a true copy, with all credits
and indorsements thereof:

"Cincinnati, Ohio, July 7th, 1920.
"The Home Savings Bank Company      13-35
"No. 797
"Pay to the Order of Mary Alford $500.00 Five Hundred and 00/100 Dollars.
"C. E. Haeckl, President,
"Richard E. Zeidler, Secretary.
"Countersigned:
"Charles Schutz, Sr., Treasurer."
Indorsements:
"Mary Alford
"E. V. Weibold, Mgr.,
"O. K.   T. Alford.
"O. K.   Richard E. Zeidler
"T. Alford          Paid 7-8-20 13-63."

The petition further alleges that, without the knowledge or consent of plaintiff, the defendant has wrongfully paid to T. Alford, he not being entitled thereto, but who in fraud of plaintiff's rights had forged the plaintiff's name, the amount of said check, of which the plaintiff was then the legal owner, and to which she had the legal right, and that said amount of money is still due and owing from the defendant to this plaintiff, for which she prays judgment.

The first matter of importance we notice is that the drawee of the check is the Home Savings Bank Company. The signatures to the check are C. E. Haeckl, president, Richard E. Zeidler, secretary, and Charles Schutz, Sr., treasurer. In so far as the check is concerned, the words, "president," "secretary," and "treasurer," are descriptive. There is nothing to show on the check what or whom they rep-

resented as president, secretary, and treasurer. But, passing this proposition, the question is: Can plaintiff maintain this action against the Home Savings Bank Company in the absence of any allegation of acceptance or certification of the check?

Section 8294 of the General Code of Ohio provides:

"A check does not of itself operate as an assignment of any part of the funds to the credit of the drawer with the bank, and the bank is not liable to the holder unless and until it accepts or certifies the check."

The Supreme Court of Ohio in the case of *Elyria Savings & Banking Co.* v. *Walker Bin Co.*, 92 Ohio St., 406, 111 N. E., 147, L. R. A., 1916D, 433, Ann. Cas., 1917D, 1055, holds in the syllabus:

"1. By force of the provisions of Section 8294, General Code, there is no liability on the part of a bank to the holder of a check unless and until it accepts or certifies the check.

"2. Where a check is paid by a bank, which is the drawee thereof, on a forged indorsement, and there is stamped upon the check 'Paid,' together with the date of the payment and the name of the bank, and the check is charged to the account of the drawer, this is not an acceptance of the check within the meaning of Section 8294 and does not create a liability against the bank in favor of the true holder or payee."

In the opinion in this case, at page 414 of 92 Ohio State, 111 N. E., 149, the court say:

"We are of the opinion that when the legislature enacted Section 8294 it intended to cover the subject of the liability of a bank to the holder of a

check. It prescribed when and when only there is a liability to the holder. In the absence of the conditions therein prescribed no right of action exists in favor of the holder. In the present case, the checks in question not having been certified or accepted within the meaning of Section 8294, there was no right of action on the part of the defendant in error against the banking company, and the court of common pleas was correct in directing a verdict in favor of the latter company.''

This language is pertinent to the case under consideration, and, there being no allegation in the petition of certification or acceptance of the check sued on, there was no right of action in the plaintiff alleged, and the trial court was correct in sustaining the demurrer to the petition.

*Judgment affirmed.*

CUSHING, P. J., and Ross, J., concur.